IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FLORASTENE F. BURKS,           )
                               )
        Plaintiff,             )
                               )
v.                             )      Case No. CIV-08-428-RAW
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social         )
Security Administration,       )
                               )
        Defendant.             )

**REPORT AND RECOMMENDATION**

Plaintiff Florastene F. Burks (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 1, 1956 and was 52 years old at the time of the ALJ's decision. Claimant obtained her GED after attending special education classes at Haskell High School. Claimant has worked in the past as a counter restaurant worker,

cashier, stocker, laundry worker, dishwasher, and home health care provider. Claimant alleges an inability to work beginning April 16, 2005 due to hypertension, arthritis, depression, high cholesterol, heart problems, incontinence, and pain in her chest, foot, and leg.

## Procedural History

On August 3, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On June 4, 2008, a hearing was held before ALJ Deborah Rose in Tulsa, Oklahoma. By decision dated . On July 25, 2008, the ALJ found that Claimant was not disabled during the relevant time period. On September 20, 2008, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step one of the sequential evaluation. He determined that Claimant engaged in substantial gainful activity in 2006 and 2007, since her alleged onset date.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to develop the record for an unrepresented claimant with mental disorders by failing to obtain the records necessary to determine whether Claimant was working at less than substantial gainful activity levels during 2008; and (2) failing to apply the correct legal standard in determining whether Claimant engaged in substantial gainful activity by failing to deduct impairment related work expenses from her earnings.

**Duty to Develop the Record**

Claimant asserts the ALJ failed to obtain the necessary records to determine whether Claimant engaged in substantial gainful activity in 2008. In her decision, the ALJ found Claimant posted earnings of $12,481.53 in 2006 or $1,040.00 per month and $11,123.88 in 2007 or $927.00 per month. (Tr. 16). The ALJ further found the maximum level of earnings permitted in establishing substantial gainful activity was $860.00 in 2006 and $900.00 in 2007. (Tr. 15). Claimant does not challenge these figures. The ALJ concluded Claimant engaged in substantial gainful activity in 2006 and 2007 by exceeding the maximum level of earnings for those years. (Tr. 16).

In this appeal, Claimant contends the ALJ ignored evidence in

2008 that she did not engage in substantial gainful activity, at least from January through July of 2008 - the period for which records were available. The ALJ had available to her an earnings report for Claimant through July of 2008 which showed no earnings for that year. (Tr. 86). Moreover, a letter dated May 29, 2008 from Claimant's employer appears in the record which indicates a deterioration in Claimant's ability to earn due to her physical condition in 2008. (Tr. 223).

The Commissioner bears the burden of establishing that the claimant can engage in substantial gainful activity. *See e.g.*, 20 C.F.R. § 4047.1594(a); Glenn v. Shalala, 21 F.3d 983, 987 (10th Cir. 1994). The evidence in the record would indicate Claimant's ability to engage in substantial gainful activity was restricted in 2008. The ALJ made no mention of this time period in her decision. While the ALJ is not in a position to act as Claimant's advocate, a social security disability hearing is non-adversarial and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available

medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). Where, as here, a claimant appears before the ALJ pro se, the ALJ has a heightened duty to investigate all issues presented, and to develop the record as to those issues. Younger on behalf of Younger v. Shalala, 30 F.3d 1265, 1267 (10th Cir. 1994). On remand, the ALJ shall develop the record on whether Claimant engaged in substantial gainful activity for the year 2008.

Claimant also contends the ALJ should have ascertained and deducted impairment related work expenses from any earnings found in all applicable years since Claimant's alleged onset of disability. In calculating the amount of earnings to determine if a claimant has engaged in substantial gainful activity, the value of any subsidized earnings and the reasonable cost of any impairment-related work expenses will be deducted from gross earnings. 20 C.F.R. § 404.1574(b)(1). The record demonstrates Claimant apparently incurred expenses attributable to her alleged disabling condition. (Tr. 27). This Court agrees with Defendant that Claimant must make certain threshold showings before any impairment related work expenses may be deducted from earnings. 20 C.F.R. §§ 404.1576(b), 416.976(b). The problem in this case is that the ALJ failed to ascertain if any such medications or other

expenses were incurred by Claimant or if Claimant met the criteria for their deduction.  Again, because of Claimant's *pro se* status, the ALJ had a heightened obligation to obtain this information and make the appropriate determinations.  On remand, she shall do so.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendations to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Findings and Recommendations within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 2nd day of March, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE